# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Sidney T. Van Assche, | Case No.: 2:18-cv-02135-JAD-NJK |
| Plaintiff | |
| v. | **Order** |
| State of Nevada et al., | [ECF Nos. 1, 7, 8, 9, 12, 15, 18, 19, 20, 24, 25, 26] |
| Defendant | |

Pro se plaintiff Sidney T. Van Assche, a former prisoner of the Nevada Department of Corrections, brings this civil-rights action under 42 U.S.C. § 1983. Van Assche is no longer incarcerated and has paid the $400 filing fee for a civil action.[1] In light of Van Assche's non-incarceration and payment of the filing fee, the Court is no longer required to screen this case.[2] So, I instead address all of Van Assche's pending motions and allow this case to proceed onto the normal litigation track.

**Discussion**

**A.    *In forma pauperis* motions [ECF Nos. 1, 9, 24]**

Van Assche filed an application to proceed *in forma pauperis*,[3] a motion to clarify his application to proceed *in forma pauperis*,[4] and a motion to withdraw his application to proceed *in forma pauperis*.[5] Because he has paid the full filing fee for this action, I grant Van Assche's

---

[1] ECF No. 28.

[2] *See generally* 28 U.S.C. § 1915A (the plaintiff is no longer a prisoner within the meaning of the statute).

[3] ECF No. 1.

[4] ECF No. 9.

[5] ECF No. 24.

motion to withdraw the application and deny as moot his application to proceed *in forma pauperis* and the motion to clarify the application to proceed *in forma pauperis*.[6]

**B.    Second Amended Complaint [ECF No. 25]**

Van Assche moves to file a second amended complaint[7] and has attached the proposed second amended complaint.[8] Good cause appearing, I grant the motion for leave to file a second amended complaint and direct the Clerk of the Court to file the second amended complaint.

**C.    Motion to Recuse [ECF No. 19]**

Van Assche moves for me and Magistrate Judge Nancy Koppe to recuse ourselves from further work on his case because we did not address his complaint right away.[9] I deny the motion to recuse because no grounds for recusal under 28 U.S.C. § 455 exist here. Van Assche is advised that the U. S. Court for the District of Nevada has a tremendously busy docket. Most motions take many months to work their way through to a decision. Most cases take several years to litigate. The Court and all of its judges are well aware of how important each case is, particularly to the parties involved in them. Matters are addressed as quickly as possible, but the queue of cases and motions for each judge is hundreds long.

**D.    Electronic Filing [ECF No. 26]**

Van Assche asks the court to allow him to file his documents directly in the Court's electronic filing system.[10] The motion is granted, subject to Van Assche's compliance with the following procedures to activate his CM/ECF account:

---

[6] ECF Nos. 1, 9.
[7] ECF No. 25.
[8] ECF No. 25-1.
[9] ECF No. 19.
[10] ECF No. 26.

1. On or before July 11, 2019, Van Assche must provide certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are accessible on this Court's website: www.nvd.uscourts.gov. Van Assche is not authorized to file electronically unless and until that certification is timely filed with the Court.

2. After timely filing that certification, Van Assche must contact the CM/ECF Help Desk at (702)464-5555 to set up a CM/ECF account.

**E.	Miscellaneous Motions [ECF Nos. 7, 8, 12, 18]**

Van Assche has filed a motion to accept him as an expert witness,[11] a motion to demand jury trial,[12] a motion to convert Count II into a class action,[13] and a motion for copies of responses.[14] I deny the motion to have the Court accept Van Assche as an expert witness[15] as premature because there is no need for an expert witness at this pre-service stage.[16] I deny his motion to demand a jury trial in his initial complaint[17] as moot because he makes a jury demand in the now-operable second amended complaint. And I deny the motion to convert Count II into a class action because the law does not allow Van Assche, a pro se litigant, to represent anyone

---

[11] ECF No. 7.

[12] ECF No. 8.

[13] ECF No. 12.

[14] ECF No. 18.

[15] ECF No. 7.

[16] Moreover, courts almost never permit parties to serve as experts. *See, e.g., Kranis v. Scott*, 178 F. Supp. 2d 330 (E.D. N.Y. 2002) (precluding plaintiff from testifying as own expert because, *inter alia*, he had "been personally involved at every level of the instant action and his role as past defendant, current plaintiff, attorney and expert witness would be unfairly prejudicial, misleading and confusing to the jury").

[17] ECF No. 8.

other than himself.[18] And I deny the motion for copies of the responses to motions[19] because there are no responses; defendants have not yet made an appearance in this case, so they have not yet participated in it by filing responses or otherwise.

**F.      Motion to Correct Spelling of Plaintiff's Name [ECF No. 20]**

Van Assche asks that the Clerk of Court correct the spelling of his first name to "Sidney" instead of "Sydney."[20] After reviewing Van Assche's documents, it appears that the Clerk's Office mistakenly entered his name as "Sydney" instead of "Sidney,"[21] so I grant that motion and direct that the docket be corrected.

**G.      Motion to Change Venue [ECF No. 15]**

Finally, Van Assche asks to move this case from the unofficial southern division where it is currently pending to the unofficial northern division because he has been approved for residential confinement in Sun Valley, Nevada, and most of the defendants are located in Carson City, Nevada. I deny the motion without prejudice because Van Assche's complaint concerns events at the Clark County Detention Center and High Desert State Prison—both located in Southern Nevada—as well as events in Northern Nevada Correctional Center.[22] So, at this point, I cannot conclude that it would be more convenient to transfer this case to the northern division.

---

[18] *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); 28 U.S.C. § 1654 (providing that *pro se* litigants have the right to plead and conduct their own cases personally).

[19] ECF No. 18.

[20] ECF No. 20.

[21] *See* ECF No. 1 at 5.

[22] *See* ECF No. 25-1.

**Conclusion**

IT IS THEREFORE ORDERED that:

- The motion to withdraw the application to proceed *in forma pauperis* **[ECF No. 24] is GRANTED**; the application to proceed *in forma pauperis* and the motion to clarify the application **[ECF Nos. 1, 9] are DENIED** as moot.

- The motion for expert witness **[ECF No. 7] is DENIED**.

- The motion to demand jury trial **[ECF No. 8] is DENIED** as moot.

- The motion to convert Count II into a class action **[ECF No. 12] is DENIED**.

- The motion to change venue **[ECF No. 15] is DENIED**.

- The motion for copies **[ECF No. 18] is DENIED**.

- The motion for recusal **[ECF No. 19] is DENIED.**

- The motion to correct legal name **[ECF No. 20] is GRANTED**; the Clerk of the Court is directed to **CORRECT the spelling of Van Assche's first name to "Sidney"** in the docket instead of "Sydney."

- The motion for leave to file a second amended complaint **[ECF No. 25] is GRANTED**; the Clerk of the Court is directed to **FILE [ECF No. 25-1]** the second amended complaint **and SEND Van Assche a courtesy copy.** Today begins the 90-day period for post-filing service under Fed. R. Civ. P. 4(m).

- The motion for electronic filing **[ECF No. 26] is GRANTED** subject to the conditions set forth in section D above.

IT IS FURTHER ORDERED that this case will proceed on the normal litigation track.

5

IT IS FURTHER ORDERED that **Van Assche has 90 days from the date of this order to perfect service of process on each defendant**, *see* Fed. R. Civ. P. 4, so he must take all steps necessary to do so.

Dated: June 11, 2019

_____
U.S. District Judge Jennifer Dorsey